```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


MICHAEL BRAKEMAN, ET ALS.,      . Civil No. 16-CV-00453
                                .
          Vs.                   .
                                . 100 Federal Plaza
                                . Central Islip, NY
MLD MORTGAGE, INC.              .
                                . August 10, 2017
                                .
. . . . . . . . . . . . . . . . .
```

**FILED**
**CLERK**

JGK 09/13/2017
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

```
              TRANSCRIPT OF STATUS CONFERENCE
              BEFORE THE HONORABLE GARY R. BROWN
                UNITED STATES MAGISTRATE JUDGE



APPEARANCES:


For The Plaintiff:          NEIL H. GREENBERG & ASSOCIATES
                            BY:  HEATHER NICOLE BABIONE, ESQ.
                            4242 Merrick Road
                            Massapequa, New York  11758


For The Defendant:          BY: RAYMOND NARDO, ESQ.
                            129 Third Street
                            Minneola, New York  11501




Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
```
___

**TRACY GRIBBEN TRANSCRIPTION, LLC**
859 Nutswamp Road
Red Bank, New Jersey 07701
**(732) 263-0044    Fax No. 732-865-7179**
**800 603-6212**
**www.tgribbentranscription.com**

I N D E X

(8/10/17)

| ORAL ARGUMENT | PAGE |
|---|---|
| BY MS. BABIONE | 3 |
| BY MR. NARDO | 5 |
| DECISION | 6 |

1          THE CLERK: Calling Case Civil-2016-453, Rakeman
2  versus MLD Mortgage, Incorporated. Counsel, please state your
3  appearance for the record.
4          MS. BABIONE: Heather N. Babione with Neil H.
5  Greenberg & Associates, for plaintiffs. Good morning, Your
6  Honor.
7          THE COURT: Give me your last name again, ma'am.
8          MS. BABIONE: Babione, B as in boy, A, B as in Boy, I
9  O N E.
10         THE COURT: Okay. Good to see you again.
11         MS. BABIONE: And you as well.
12         MR. NARDO: And for the defendants Raymond Nardo.
13 Good morning, Your Honor.
14         THE COURT: Mr. Nardo, welcome back. All right, Ms.
15 Babione, why don't you tell me a little about this case and
16 where we're at, because I know there's some things going on.
17         MS. BABIONE: Yes. So this case involves 12
18 plaintiffs who worked for the defendants as either mortgage
19 loan originators or mortgage loan processors during 2014 and
20 2015. They seek to recover unpaid overtime compensation under
21 the Fair Labor Standards Act and New York Labor Law. They
22 worked varying hours.
23         The 7 originators worked anywhere from 66.5 to 91
24 hours a week. They were paid on a commission-only basis, and
25 they were only paid when a loan that they worked on closed and

1  funded.
2          As to the mortgage loan processors, they also worked
3  overtime.  Depending on which plaintiff we're speaking of,
4  anywhere from 45 hours a week to 76 hours a week.  And they
5  were paid a bi-weekly salary and they also were not paid
6  overtime.
7          As far as where we were at in the case, since the
8  defendants retained new counsel per your order on June 28, I
9  believe, we have been communicating to try to resolve the
10 issues that were brought to the Court's attention in our motion
11 to compel.
12         THE COURT:  Right.  That was the March 9 letter, yes?
13         MS. BABIONE:  Yes.
14         THE COURT:  Okay.  And have we resolved some, all?
15         MS. BABIONE:  I can say that we have resolved some.
16 Defendant's counsel provided responses to my colleague
17 yesterday and I just received documents.  So I can't say
18 definitively that everything is resolved until I have a chance
19 to kind of review everything.  But we're moving in the right
20 direction.
21         THE COURT:  But there's hope?
22         MS. BABIONE:  There is hope.
23         THE COURT:  Okay, I need hope on a Thursday.
24         THE COURT:  All right.  Mr. Nardo, what do you have
25 to add?

Nardo/Argument 5

1  MR. NARDO: We're keeping hope alive, Your Honor, and
2  just yesterday I sent the responses, the hard copy. The
3  documents were too voluminous to email over. So I emailed a CD
4  and I brought a CD today. If I were a little bit more
5  technically astute, maybe I could have used Dropbox or
6  something, but I'm not that good with that stuff.
7  THE COURT: Those things are complicated, I
8  understand.
9  MR. NARDO: Yeah, to me they are.
10 THE COURT: A USB stick, I understand that works for
11 some of my papers.
12 MR. NARDO: That's the same as a CD, but that's
13 something that has to be given physically, so.
14 THE COURT: Yes.
15 MR. NARDO: So there are just two things that we're
16 searching for that I think is responsive. Both IT things and
17 both may, we may come up with nothing. And that's because
18 these folks all worked at an East Meadow office. The East
19 Meadow office was closed, that terminated their employment in I
20 believe September of 2015. And once that office closed down, I
21 don't know if we're going to be able to get any emails or any
22 electronic things from that office. But we're trying.
23 THE COURT: All right. We may have to do some
24 forensics. Hang on one second.
25 (Court confers with clerk)

1      THE COURT: I'm going to assume, I'm going to check,
2 but to the extent that the March 9 notion is still technically
3 pending, I'm going to mark it as withdrawn pending renewal if
4 you need it. Is that a fair way to approach it?
5      MS. BABIONE: Yes.
6      THE COURT: Okay.
7      MS. BABIONE: I just would like to preserve any
8 objections and renewals if needed, perfect.
9      THE COURT: Absolutely.
10     MS. BABIONE: Okay.
11     THE COURT: I'm not cutting off any of your rights.
12 I'll about the rights thing. You know, that's why they give me
13 the robe.
14     MS. BABIONE: Thank you, Your Honor.
15     THE COURT: All right, now Christine, we're going to
16 mark that as withdrawn without prejudice to renewal, which
17 means you could just write me a letter saying we'd like to
18 renew this aspect of that motion or whatever. There won't be
19 any prejudice to any of your rights. Fair enough, Mr. Nardo?
20     MR. NARDO: Yes, indeed, Your Honor.
21     THE COURT: All right. Now what steps, and I'm
22 looking at my notes here, what do we do to try to settle this
23 case, or have we tried to settle this case?
24     MS. BABIONE: So initially, at the initial
25 conference, actually defendants at that point showed an

1 interest in potentially settling the matter, particularly with
2 respect to the loan processors.
3 So we kept scheduling a settlement conference, and
4 then both sides kept moving to adjourn it because we hadn't
5 received the documents needed to do an estimate of damages and
6 it wouldn't have been fruitful. We are still highly interested
7 in scheduling a settlement conference after --
8 THE COURT: Well, let me say this. Sometimes life
9 happens to us while we are making plans. I happen to have a
10 new tool to work with, which is we have a mediation program.
11 MS. BABIONE: Yes.
12 THE COURT: It's designed especially for FLSA cases.
13 MS. BABIONE: Yes.
14 THE COURT: So what I'm going to do is refer the case
15 to mediation, meaning when you're ready, and you'll give me an
16 idea in a moment when you're ready, I'll send you to the
17 mediation program.
18 Now what happens there is you all, meaning the two of
19 you, we need a plural word for you in the English language, but
20 youse guys will decide who you want to mediate the case. If
21 you're both Long Island practitioners, which is suspect you
22 are, am I right?
23 MR. NARDO: Yes.
24 MS. BABIONE: Yes.
25 THE COURT: You can pick somebody in Long Island,

1  which saves you some time.  You don't have to shlep into the
2  City, shlep being the legal term for to go a long way.  And you
3  can pick somebody local.
4         If you don't resolve the case at mediation I'm not
5  going to let you get off so easy.  You're still going to have
6  to come then and meet with me.
7         But I'm hopeful because we have a very good program,
8  it's actually been very, very successful, that maybe you can
9  work out some of all of your problems there.
10        So I'm going to put in a referral order, but let me
11 ask you when do you think the case will be ripe for that
12 process?
13        MS. BABIONE:  I would need to have a chance to review
14 these documents and I believe that defendants want to serve
15 discovery demands because they haven't had the opportunity.
16        THE COURT:  Okay.
17        MS. BABIONE:  Well, they had the opportunity.
18        THE COURT:  To your first point.
19        MS. BABIONE:  Yes.
20        THE COURT:  I am going to say this.  Mr. Nardo is new
21 to the case, relatively new to the case?
22        MR. NARDO:  Correct.
23        THE COURT:  I've worked with him before and I find
24 him to be eminently reasonable, and I suspect you will, too.
25 I'm not prejudging anything.  If you come back and say to me

Nardo has been ridiculous, I will listen to you.  But I expect you will be able to work everything out.

  Mr. Nardo, you're going to give her some things, and you're going to serve some demands.  So what kind of time frame?  Do you need, like, 60 days or something?

  MR. NARDO:  I think that would be fair also.

  THE COURT:  Okay.

  MR. NARDO:  And of course we need a demand from them, they may need some time to craft that.  But a demand from them as to what they're looking for.

  THE COURT:  Okay.  Just, and if you have to, just talk to each other.

  MR. NARDO:  Sure.

  THE COURT:  There's that telephonic communication thing you can use, or you can meet in person, whatever you want.

  So I'll put in a mediation referral order so you all can take advantage of that program.  Again, we find it to be very effective and hopefully that works out for you.

  If not, if you go to mediation and it doesn't work, I'm going to instruct Ms. Babione now that I want a letter from you within a week or so thereafter, saying it didn't work out, we'd like a date for a settlement conference.  And I'll bring you in for a settlement conference so we can get to the root of the really hard problems, all right.

```
                              Decision                          10
 1              MS. BABIONE:  Okay.
 2              THE COURT:  And discovery is proceeding in the
 3   interim?
 4              THE COURT:  Yes.  Now do we have deadlines that you
 5   need extended, perhaps?
 6              MS. BABIONE:  Yes.  So the deadline for completion of
 7   discovery needs to be extended.
 8              THE COURT:  You know, it's summertime and I'm feeling
 9   generous.  So what do you need?
10              MS. BABIONE:  As I stated before, even though there
11   was a stay of discovery --
12              THE COURT:  You all can pick a date.  Just tell me
13   what you need.
14              MS. BABIONE:  How much time do you feel?
15              MR. NARDO:  We would probably hold off on depositions
16   until after mediation.
17              THE COURT:  One would hope, yes.
18              MR. NARDO:  Which means that we wouldn't want to do
19   that.
20              MS. BABIONE:  But if there are depositions, there's
21   going to be quite a few.  On both sides.
22              MR. NARDO:  Right, because I think that there's 12,
23   or 13 plaintiffs.
24              MS. BABIONE:  There's 12 plaintiffs and I know of at
25   least 4 or 5 that we would need to take.
```

1    THE COURT: So let's say we're going to roll through
2 the end of this year by you completing the discovery pieces you
3 need, going to mediation and hopefully resolving the case. Or
4 if not, coming to me, at which point we'd hopefully resolve the
5 case.
6    I predict we can get that done by the end of this
7 calendar year. Does that sound reasonable? And if that doesn't
8 work, in the off chance that none of those avenues gives you an
9 opportunity to settle the case, you then need to do a few
10 months of deposition work.
11    MR. NARDO: Right.
12    THE COURT: So could we say maybe April-ish of next
13 year?
14    MS. BABIONE: Yes, Your Honor.
15    MR. NARDO: Yes, I think that --
16    THE COURT: So I'm just going to say all discovery to
17 conclude by April 15. We here at the Federal Government, we're
18 very big on April 15, it's an important day for us. So I'll
19 say April 15 to close all discovery. I will not give you
20 interim dates, meaning do this by then, because you both seem
21 like you're on top of this. If you need me to, we can always
22 renegotiate that at some point, yes?
23    MS. BABIONE: Yes.
24    MR. NARDO: Right.
25    THE COURT: All right. What else need we do today?

1        MS. BABIONE:  I believe that is all, Your Honor.
2        THE COURT:  Mr. Nardo, anything for you?
3        MR. NARDO:  Nothing, Your Honor.
4        THE COURT:  Counsel, delightful seeing you.  Good
5  luck.
6        MS. BABIONE:  Thank you, Your Honor.
7        MR. NARDO:  Thank you, Your Honor.
8        MS. BABIONE:  And I apologize for being a little
9  tardy today, for the accident.
10       THE COURT:  We're all squared.
11       MS. BABIONE:  Okay.
12       THE COURT:  It's Long Island, we're famous for our
13  traffic.
14       MR. NARDO:  Yeah, it was pretty bad today.
15                       * * * * *
16                    **C E R T I F I C A T I O N**
17       I, **TRACY GRIBBEN**, court approved transcriber,
18  certify that the foregoing is a correct transcript from the
19  official electronic sound recording of the proceedings in the
20  above-entitled matter.
21
22  /S/ TRACY GRIBBEN
23  TRACY GRIBBEN TRANSCRIPTION, LLC      DATE: September 13, 2017
24
25